```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x
                                   :
UNITED STATES OF AMERICA           :    INDICTMENT
                                   :
          - v. -                   :    15 CRIM 337
                                   :
YUDY CENTENO,                      :
                                   :
          Defendant.               :
                                   :
- - - - - - - - - - - - - - - - - x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: JUN 0 3 2015

**COUNT ONE**

(Conspiracy to Deal in Counterfeit Obligations)

The Grand Jury charges:

1. From at least in or about July 2013, up to and including at least in or about March 2015, in the Southern District of New York and elsewhere, YUDY CENTENO, the defendant, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit an offense against the United States, to wit, dealing in counterfeit obligations and securities, in violation of Title 18, United States Code, Section 473.

2. It was a part and object of the conspiracy that YUDY CENTENO, the defendant, and others known and unknown, would and did buy, sell, exchange, transfer, receive, and deliver false, forged, counterfeited, and altered obligations and other securities of the United States, with the intent that the same



JUDGE CARTER

be passed, published, and used as true and genuine, in violation of Title 18, United States Code, Section 473.

### Overt Acts

3.   In furtherance of the conspiracy and to effect the illegal object thereof, the following overt act, among others, was committed in the Southern District of New York and elsewhere:

     a.   In or about November 2013, YUDY CENTENO, the defendant, arranged by telephone to sell counterfeit United States currency to another individual then known by CENTENO to be calling from New York, New York, which purchases were then completed in Queens, New York.

(Title 18, United States Code, Section 371.)

### COUNT TWO

### (Dealing in Counterfeit Obligations)

The Grand Jury further charges:

4.   From at least in or about July 2013, up to and including at least in or about March 2015, in the Southern District of New York and elsewhere, YUDY CENTENO, the defendant, willfully and knowingly, did buy, sell, exchange, transfer, receive, and deliver false, forged, counterfeited, and altered obligations and other securities of the United States, with the intent that the same be passed, published, and used as

true and genuine, in violation of Title 18, United States Code, Section 473.

(Title 18, United States Code, Sections 473 and 2.)

## COUNT THREE

### (Solicitation to Commit a Crime of Violence)

The Grand Jury further charges:

5. On or about March 19, 2015, in the Eastern District of New York and elsewhere, YUDY CENTENO, the defendant, with the intent that another person engage in conduct constituting a felony that has as an element the use, attempted use, and threatened use of physical force against the person of another in violation of the laws of the United States, and under circumstances strongly corroborative of that intent, did solicit, command, induce, and otherwise endeavor to persuade such other person to engage in such conduct, to wit, CENTENO solicited another person to commit a kidnapping using an instrumentality of interstate and foreign commerce in committing and in furtherance of that offense, in violation of Title 18, United States Code, Section 1201.

(Title 18, United States Code, Sections 373 and 2.)

## **FORFEITURE ALLEGATION**

1.   As a result of committing the offenses alleged in Counts One and Two of this Indictment, YUDY CENTENO, the defendant, shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C), all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses alleged in Counts One and Two, including but not limited to a sum of money representing the amount of proceeds obtained as a result of the offenses.

### **Substitute Asset Provision**

2.   If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

   a.   cannot be located upon the exercise of due diligence;

   b.   has been transferred or sold to, or deposited with, a third party;

   c.   has been placed beyond the jurisdiction of the court;

   d.   has been substantially diminished in value; or

   e.   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any

4

other property of the defendant up to the value of the

forfeitable property described above.

                (Title 18, United States Code, Section 981(a)(1)(C);
                 Title 21, United States Code, Section 853(p).)

_____        _____
FOREPERSON                                PREET BHARARA
                                                   United States Attorney

5

Form No. USA-33s-274 (Ed. 9-25-58)

---

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

---

### UNITED STATES OF AMERICA

v.

YUDY CENTENO,

Defendant.

---

### INDICTMENT

15 Cr.

(18 U.S.C. §§ 371, 473, 373 & 2.)

PREET BHARARA
United States Attorney

---

Foreperson

---

6/3/15 - Filed Indictment
ea.   Case assigned to Judge Carter
                  Judy Maas
                  USMJ